**NOT FOR PUBLICATION**  **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RICKY J. JAMES, | : | |
| Plaintiff, | : | Civil Action No. 16-1960 (CCC) |
| v. | : | **MEMORANDUM AND ORDER** |
| ESSEX COUNTY SUPERIOR COURT, et al., | : | |
| Defendants. | : | |

Plaintiff is proceeding, *in forma pauperis* ("IFP"), with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. It appearing:

1. A plaintiff can pursue a cause of action under § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am.*

*Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-67 (3d Cir. 2013).

2. The two defendants in this case are Essex County Superior Court and Millburn Municipal Court. However, courts are not "persons" subject to suit under § 1983. *Travaline v. Travaline*, 639 F. App'x 73, 74 (3d Cir. 2016); *Lynch v. City of Philadelphia*, 440 F. App'x 117, 119 (3d Cir. 2011) (finding that neither state courts nor local courts are "persons" under § 1983). Accordingly, claims against these defendants must be dismissed, and as they are the only defendants asserted in the Complaint, the Complaint is dismissed. In the interest of justice, Plaintiff is afforded thirty days to amend the Complaint and assert claims against the proper parties.

**IT IS** therefore on this ___30___ day of ___November___, 2016,

**ORDERED** that the Complaint, ECF No. 1, is hereby **DISMISSED WITHOUT PREJUDICE**; Plaintiff may, within thirty (30) days of the date of entry of this Order, amend the Complaint as directed above; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail, and shall **CLOSE** the file.

_____
Claire C. Cecchi, U.S.D.J.